

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,360-01

### Ex parte DERRICK KEITH COOKE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NUMBER C-1-009379-0849683D
### IN THE CRIMINAL DISTRICT COURT NO. 1
### TARRANT COUNTY

KELLER, P.J., delivered the opinion of the Court in which KEASLER, HERVEY, ALCALA, RICHARDSON, YEARY, and NEWELL, JJ., joined. JOHNSON, J., concurred. MEYERS, J., dissented.

Applicant was placed on deferred adjudication for family-violence assault in this Tarrant County case, and he was later adjudicated. He now complains that a prior New Mexico conviction was improperly used for enhancement in the Tarrant County case. His sentence in the Tarrant County case has now discharged. He claims, though, that we can still reach his complaint because he is suffering a collateral consequence of his conviction, namely, the use of the Tarrant County offense to enhance a subsequent family-violence assault in Hood County. We disagree, and we shall dismiss this application.

## I. BACKGROUND

This case involves three family-violence assaults in three different counties. Applicant was first convicted of family-violence assault in New Mexico in 1999. He was later indicted in this case, in Tarrant County, for family-violence assault. The Tarrant County indictment alleged the New Mexico conviction for enhancement purposes, and this raised the Tarrant County offense to a third-degree felony.[1] On October 31, 2002, applicant pled guilty in the Tarrant County case and, in accordance with a plea agreement, he was placed on deferred adjudication for five years. Applicant did not appeal from the deferred-adjudication order.

While he was on deferred adjudication, applicant committed a new family-violence assault in Hood County, and on August 1, 2007, he was indicted for that offense. The Hood County indictment further alleged for enhancement purposes that applicant:

> had been previously convicted of an assault with bodily injury against a member of the defendant's family or household, to wit: on October 31, 2002, in the Criminal District Court Number One of Tarrant County, Texas, in cause number 0849683D.[2]

As we shall explain in more detail later, deferred adjudication counts as a "conviction" for the purposes of family-violence-assault enhancement.[3] On January 3, 2008, applicant's guilt was adjudicated in the Tarrant County case (because he had committed the Hood County offense), and he was sentenced to three years in prison. An Article 11.072 application for writ of habeas corpus[4] in the Tarrant County case was denied. On May 23, 2008, applicant was convicted in the Hood

---

[1]  *See* TEX. PENAL CODE § 22.01(b)(2) (West 2000), (b)(2)(A) (West 2014).

[2]  *See* TEX. PENAL CODE § 22.01(b)(2) (West 2006).

[3]  *See id.* § 22.01(f)(1).

[4]  *See* TEX. CODE CRIM. PROC. art. 11.072.

County case and sentenced to eight years in prison.

Applicant subsequently appealed the judgments of conviction in the Tarrant County and Hood County cases and appealed the denial of his Article 11.072 habeas application in the Tarrant County case.[5] Although he attacked the use of the New Mexico conviction as an *ex post facto* violation, claiming that it was a deferred adjudication,[6] he did not claim that the New Mexico conviction was unavailable for enhancement purposes on the basis that it was an out-of-state conviction.[7]

On June 11, 2011, applicant filed an Article 11.07 habeas application attacking his Tarrant County conviction.[8] Among other things, he contended that, because it was from out of state, the New Mexico conviction did not qualify as a prior family-violence-assault conviction under the law in effect in his case. He contended that, as a result, the Tarrant County sentence was illegal, his attorney was ineffective for failing to object to the use of the New Mexico conviction, and his plea was involuntary.

The habeas court entered an order designating issues and ordered trial counsel to submit an affidavit. On March 11, 2013, applicant discharged his Tarrant County sentence. On June 25, 2013, the State submitted a memorandum of proposed findings of fact and conclusions of law

---

[5] *See Cooke v. State*, Nos. 2-08-026-CR, 2-08-027-CR, and 2-08-212-CR, 2009 Tex. App. LEXIS 7539 (Tex. App.–Fort Worth September 21, 2009) (not designated for publication).

[6] The court of appeals held that the New Mexico conviction was a deferred sentencing proceeding, not a deferred adjudication, but even if it were the latter, the New Mexico statute contained no restriction concerning the collateral consequences of a conviction for which sentencing was deferred. *Id.*, 2009 Tex. App. LEXIS 7539, at *6-11.

[7] *See id.*, 2009 Tex. App. LEXIS 7539, at *13 n.2.

[8] *See* TEX. CODE CRIM. PROC. art. 11.07.

recommending that relief be denied in all respects. The memorandum included findings that applicant had been scheduled to discharge his sentence in the Tarrant County case on March 11, 2013, that the Tarrant County offense had been used to enhance the Hood County conviction, and that applicant was "currently facing collateral consequences as a result of this conviction."[9] On May 1, 2014, the habeas court—adopting the State's memorandum, findings of fact, and conclusions of law—recommended denying relief.

We remanded the application to the habeas court for further investigation and for the issuance of supplemental findings.[10] In supplemental findings, the habeas court concluded that the New Mexico conviction could not be used to enhance the Tarrant County offense and that applicant had no other convictions that could be used to enhance that offense. Observing that the unenhanced version of assault was a Class A misdemeanor and that the maximum punishment was one year in jail, the habeas court concluded that the Tarrant County sentence was illegal and recommended vacating applicant's conviction.[11] The habeas court concluded that applicant's ineffective-assistance claim was without merit.

We filed and set this application for submission.[12] In our order, we observed that applicant's sentence in this case had discharged, but that his conviction was used to elevate the Hood County

---

[9] *See* State's Memorandum, dated June 25, 2013, Findings of Fact 5-8.

[10] *Ex parte Cooke*, No. WR-81,360-01 (Tex. Crim. App. July 23, 2014) (not designated for publication).

[11] The habeas court found that Tarrant County's Criminal District Court Number One had jurisdiction over both felony and misdemeanor cases and therefore had "subject-matter jurisdiction over Applicant's misdemeanor charge."

[12] *Ex parte Cooke*, No. WR-81,360-01 (Tex. Crim. App. February 25, 2015) (not designated for publication).

offense to a third degree felony.[13] We explained that we filed and set the cause to determine whether applicant was "suffering collateral consequences . . . given the fact that even if the present assault had not been elevated to a third-degree felony, as a Class A misdemeanor, it could have elevated the assault in Applicant's Hood County case to a third degree felony."[14] We also ordered the parties to brief whether trial counsel was ineffective for failing to object to the New Mexico conviction.[15]

Both parties claim that applicant is suffering collateral consequences because his conviction in the Tarrant County case was used to enhance the offense in the Hood County case. Both parties also claim that it should not matter whether overturning the Tarrant County conviction would ultimately lead to relief in the Hood County case.[16] The parties also agree that applicant is entitled to relief on the ground that his Tarrant County sentence is illegal. The parties disagree on whether counsel was ineffective, but if we were to agree with the parties on all the points on which they do agree, we would not reach the ineffective-assistance claim.

## II. ANALYSIS

To be entitled to post-conviction relief under Article 11.07, an applicant must be in

---

[13] *Id*. at 2.

[14] *Id.*

[15] *Id.*

[16] *See* State's brief at 8 ("Whether this Tarrant County *conviction* was used to enhance the Hood County sentence or whether *relief* from this habeas proceeding would affect the Hood County conviction are two separate inquiries. But only the question of whether this Tarrant County *conviction* was used to enhance the Hood County sentence is a collateral consequence inquiry."); Applicant's brief at 9 ("Reading the statute on its face, there is no requirement for jurisdictional purposes that the relief requested would relieve the collateral consequences . . . . Therefore, the Court here should inquire as to whether the Tarrant County conviction . . . affected the Hood County sentence.").

"confinement" as a result of conviction.[17] "Confinement" is statutorily defined as "confinement for any offense or any collateral consequence resulting from the conviction that is the basis of the instant habeas corpus."[18] Because applicant has discharged his sentence, the question here is whether he is suffering any collateral consequence of his conviction.[19] The only collateral consequence that has been alleged is the enhancement of the Hood County offense.

The repeat-offender scheme for family-violence assault—as it existed at the time that both of applicant's Texas offenses were committed and even today—is essentially a two-strikes system: Although the first family-violence assault is treated like an ordinary bodily-injury assault (a Class A misdemeanor), any subsequent family-violence assault can be punished as a third-degree felony.[20] But, notably, the prior offense used for enhancement does not have to be a conviction as we generally understand that term—it can be deferred adjudication.[21] For purposes of the assault statute,

---

[17] *Ex parte Renier*, 734 S.W.2d 349, 351 (Tex. Crim. App. 1987) ("[W]hen an application is made after conviction[,] Article 11.07 is concerned with 'confinement.'" Article 11.07 does not authorize "a postconviction challenge to a prior conviction when applicant is not then and there in confinement.").

[18] TEX. CODE CRIM. PROC. art. 11.07, § 3(c); *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010).

[19] *See Harrington*, 310 S.W.3d at 456-57 & n.12.

[20] *See* TEX. PENAL CODE § 22.01(b)(2) (West 2000, 2006), (b)(2)(A) (West 2014).

[21] *See* TEX. PENAL CODE § 22.01(b)(2) (referring to person "previously convicted" of a family-violence-assault), (f)(1) (West 2006). *See also id.* § 22.01(b)(2), (f) (West 2000); *id.* § 22.01(b)(2)(A), (f)(1) (West 2014). Because the use of deferred adjudication for enhancement of a prior family-violence assault was part of the statute at the time applicant pled guilty to the Tarrant County offense, it could be used to later enhance his Hood County offense without violating the prohibition against *ex post facto* laws even if the deferred adjudication in the Tarrant County offense had been successfully completed. *Cf. Scott v. State*, 55 S.W.3d 593, 597-98 (Tex. Crim. App. 2001) (Adding an enhancement consequence to deferred adjudication after the deferred adjudication was imposed violates the prohibition against *ex post facto* laws because the deferred-adjudication statute

deferred adjudication is included within the term "previously convicted":

> For the purpose of Subsection (b)(2) . . . a defendant has been previously convicted . . . if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision.[22]

This definition contrasts with the use of the term "conviction" in the habeas statute, where a final conviction does not include any kind of probation, much less deferred adjudication.[23]

When applicant's first Texas family-violence offense—the Tarrant County offense—was committed, the assault statute provided that a prior family-violence-assault conviction alleged for enhancement had to be "under this section."[24] Applicant's claim is based on the "under this section" language, which the parties and the habeas court agree would not include a conviction in New Mexico.[25] But, as we shall explain, because a prior "conviction" used for enhancement can be a deferred adjudication, the enhancement of the Hood County offense is not a collateral consequence of the Tarrant County conviction for habeas purposes.

We first observe that the conviction that resulted from applicant's adjudication in the Tarrant County case—which is the conviction that he challenges in this proceeding—was not alleged in the Hood County indictment. The prior "conviction" alleged for enhancement is the deferred

---

contained an explicit limitation on the collateral consequences of deferred adjudication.).

[22] TEX. PENAL CODE § 22.01(b)(2).

[23] *Renier*, 734 S.W.2d at 351 ("because applicant was granted probation, there is no final conviction" to authorize relief under Article 11.07).

[24] TEX. PENAL CODE § 22.01(b)(2) (West 2000).

[25] We express no opinion regarding the correctness of the parties' and the habeas court's conclusion regarding the availability of the New Mexico conviction for enhancement.

adjudication itself. We know this because the date of the prior conviction that is alleged in the Hood County indictment is the date that applicant was placed on deferred adjudication, and not the date that he was adjudicated. In fact, applicant had not even been adjudicated when the Hood County indictment was returned. Moreover, applicant's Tarrant County deferred adjudication would have been available to enhance the Hood County offense even if he had successfully completed his period of deferred adjudication and had never been adjudicated. And if that had occurred, he would clearly have had no remedy for the Tarrant County offense under Article 11.07 because he would not have a final conviction.[26] In short, contrary to the parties' contentions, the Tarrant County conviction that applicant challenges in this proceeding was not used to enhance the Hood County offense.[27]

Because the final conviction that applicant here challenges was not the source of the Hood County enhancement, the Hood County enhancement is not a collateral consequence of that conviction. We dismiss the instant habeas application.

Delivered: October 7, 2015
Publish

---

[26] *Renier*, 734 S.W.2d at 351.

[27] We need not address the substantial argument that can be made that appellant's acceptance of the benefits of the Tarrant County deferred adjudication would affirmatively estop him from challenging its use in enhancing the Hood County offense. *See Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007) ("Had he complained about the illegal leniency" at an earlier point in time, "the State could likely have obtained a legal judgment that would now be available for enhancement purposes. But instead, [the defendant] quietly enjoyed the benefits of the illegally lenient judgment, challenging it now only because, due to his own subsequent criminal conduct, the judgment can be used to enhance his punishment for a new offense."); *Speth*, 6 S.W.3d at 534-3 ("One reason we have given for requiring an objection in the probation context is that the trial court should have "the opportunity to . . . reconsider the desirability of the [probation] contract without the objectionable condition.").