**AFFIRMED and Opinion Filed August 17, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01422-CR

### EX PARTE HOWARD HOLLAND

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 29317A-422**

## MEMORANDUM OPINION
Before Justices Bridges, Evans, and Whitehill
Opinion by Justice Whitehill

Howard Holland appeals the trial court's order denying relief on his post-conviction application for writ of habeas corpus related to his burglary of a habitation conviction. In three issues, he urges that the trial court erred in (i) concluding that defects in his indictment were not cognizable in this habeas proceeding, (ii) rejecting his argument that the State failed to introduce sufficient evidence of his guilt, and (iii) not finding that he established ongoing collateral consequences from his conviction. We address his third issue first, and we affirm because appellant did not establish any ongoing collateral consequences of his conviction as would be needed to support trial court jurisdiction over his writ application.

We also hold that (i) the trial court did not err in concluding the alleged defects in appellant's indictment were not cognizable in the habeas proceeding; and (ii) we need not address appellant's second issue.

Accordingly, we affirm the trial court's judgment.

## I. BACKGROUND

On December 16, 2010, appellant was indicted for the offense of burglary of a habitation. The indictment was captioned "Burglary of a Habitation," and it stated the offense was a second-degree felony, referencing "TPC § 30.02(c)(2)." Penal code § 30.02(c)(2) provides that a burglary is a second-degree felony if committed in a habitation. TEX. PENAL CODE § 30.02(c)(2). The body of the indictment, however, did not mention a habitation. Instead, it charged appellant did "intentionally or knowingly enter a building or a portion of a building without the effective consent of [the complainant], the owner thereof, and attempted to commit or committed theft of property, to-wit: a computer, owned by [the complainant]." The burglary statute provides that, subject to a couple of immaterial exceptions, the burglary of a building that is not a habitation is a state jail felony. *See id.* § 30.02(c)(1).

Appellant negotiated a plea bargain with the State under which the State recommended he receive a punishment of five years imprisonment, probated for five years, and pay restitution. The plea agreement contained a written punishment admonition from the trial court advising appellant that he was charged with burglary of a habitation, his offense was a second-degree felony, and setting forth the punishment range for a second-degree felony. The plea agreement also contained a section titled "Defendant's Statements and Waivers" in which appellant represented that he understood "the nature of the accusation made against" him; waived his right to be tried on an indictment; and waived "any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument. . . ." Appellant further agreed to the oral or written stipulation of testimony and to "waive any and all objections to the admission of the Stipulation of Evidence submitted as evidence submitted to the Court." Appellant waived his right to appeal in writing. The Stipulation of Evidence appellant signed represented that appellant did "Commit the offense(s) as alleged in the above-referenced cause number."

On January 24, 2011, appellant was convicted, on his negotiated guilty plea, of burglary of a habitation. Pursuant to the plea agreement, the trial court assessed punishment at five years' imprisonment, probated for five years, and ordered appellant to pay restitution. Appellant did not appeal his conviction. Appellant's community supervision was not revoked, and he has been discharged from community supervision.

During the period of his community supervision, however, appellant was required to provide a DNA sample for his community supervision officer. The DNA sample was entered into the CODIS database which matches the DNA of convicted offenders against DNA samples obtained from unsolved crimes. See TEX. GOV'T CODE § 411.141(1) ("CODIS" is acronym for Combined DNA Index System sponsored by Federal Bureau of Investigation).

Appellant's DNA sample also matched a DNA sample from an unsolved 1997 aggravated sexual assault case. According to the trial court's' findings in the burglary case, the Terrell Police Department then obtained a search warrant and took an additional DNA sample from appellant. Based on the DNA matches, appellant was charged with aggravated sexual assault.

Appellant entered a plea bargain agreement in the 1997 case under which he pled guilty to the offense and admitted committing two other unadjudicated aggravated sexual assaults for the trial court to consider in sentencing him in that case. See TEX. PENAL CODE § 12.45 (allowing defendant, with State's permission, to admit unadjudicated offenses to be considered in assessing punishment). The trial court in that case assessed punishment at forty years' imprisonment.

In 2017, appellant filed an application for writ of habeas corpus concerning this burglary case, contending that his conviction was void and violated his right to due process of law because the indictment, lacking any accusation that he had entered a habitation, failed to charge him with burglary of a habitation. Because the State failed to indict him for the correct burglary offense, appellant contended, his sentence exceeded the maximum punishment available for burglary of a

building, and the State's evidence, consisting solely of his stipulation and judicial confession acknowledging he committed the offense as alleged, was both legally insufficient and constituted no evidence satisfying the requirement that the State introduce evidence supporting his guilty plea to burglary of a habitation. *See* TEX. CODE CRIM. PROC. art. 1.15.

Although he had completed his ensuing community supervision, appellant contended that the trial court retained jurisdiction to consider his habeas writ application because the conviction exposed him to ongoing collateral consequences in that it (i) affected his prison job classification and parole considerations in the aggravated sexual assault case, (ii) forced him to self-incriminate himself with the taking of the DNA sample that led to his current confinement, and (iii) his burglary of a habitation conviction was used as punishment evidence to assess punishment for the aggravated sexual assault.

The State responded and argued that (i) appellant failed to invoke the trial court's jurisdiction by establishing any ongoing collateral consequences, (ii) he waived any defects in the indictment, (iii) his claim was not cognizable, (iv) the evidence was sufficient to support the conviction, and (v) the sentence was proper.

The trial court made findings of fact and conclusions of law that appellant was not subject to any confinement or restraint and had not established any collateral consequences to his burglary conviction and dismissed the writ for want of jurisdiction.

The trial court also made alternative findings of fact and conclusions of law on which it dismissed appellant's claims regarding the defects in the indictment and the insufficiency of the evidence to support the guilty plea, in the event "an appellate court determines that [the trial court] has jurisdiction to consider the Writ". It additionally denied as meritless appellant's claims that there was no evidence to support the guilty plea and that his sentence was void as outside the punishment range. This appeal ensued.

## II. STANDARD OF REVIEW

An applicant for post-conviction habeas corpus relief bears the burden of proving their claim by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

When the underlying conviction results in community supervision, an ensuing post-conviction writ must be brought pursuant to article 11.072 of the code of criminal procedure, and the trial judge is the sole fact-finder. *Torres*, 483 S.W.3d at 42.

When reviewing the trial court's order denying habeas corpus relief, "we afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor." *Id*. We defer to the trial court's ruling on mixed questions of law and fact, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Weinstein*, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014). If, however, the trial court's determinations are questions of law, or else are mixed questions of law and fact that do not turn on an evaluation of witnesses' credibility and demeanor, then we owe no deference to the trial court's determinations and review them *de novo*. *State v. Ambrose*, 487 S.W.3d 587, 596 (Tex. Crim. App. 2016).

## III. APPELLATE JURISDICTION

Before addressing the merits of the appeal, we must first consider whether we have jurisdiction to proceed. Appellant filed his writ application on a form designed for filing a writ application pursuant to article 11.07 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. art. 11.07; *see also* TEX. R. APP. P. 73.1. Because appellant was placed on community supervision and his community supervision was never revoked, he may only pursue habeas relief

pursuant to code of criminal procedure article 11.072. *See* TEX. CODE CRIM. PROC. art. 11.072, §1; *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008). This Court has jurisdiction to review writ applications filed under article 11.072, but not writ applications filed under article 11.07. *See* arts. 11.07, §5, 11.072, §8.

Recognizing that appellant had used the wrong form to file his writ application, the State—in its response to the writ application—and the trial court—in its final order—both elected to treat appellant's writ application as filed under article 11.072. At least one appellate court has held, in an unpublished opinion, that jurisdiction over the merits of an article 11.07 writ application is conferred on the court of appeals where the parties and trial court have agreed to treat an 11.07 writ application as a writ application filed under article 11.072. *See Ex parte Martinez*, No. 13-10-00085-CR, 2012 WL 1142882, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg Apr. 5, 2012, no pet.) (mem. op. on reh'g) (not designated for publication).[1]

Mindful of the need to conserve judicial resources, appellant's status as an incarcerated pro se applicant with limited knowledge of the law, and our obligation to do substantial justice to the parties, we will accept the characterization of the writ application adopted by the trial court and the State and treat the appeal as arising from the denial of an article 11.072 writ application. *See* TEX. R. APP. P. 31.2; *Martinez*, No. 13-10-00085-CR, 2012 WL 1142882, at *1 n.1. Because the trial court denied relief, we have jurisdiction over the appeal. *See* art. 11.072, §8; *Villanueva*, 252 S.W.3d at 397.

---

[1] Unpublished opinions have no precedential value but may be cited. TEX. R. APP. P. 47.7.

## IV. ANALYSIS

**A.** **Appellant's Third Issue:  Did appellant establish continuing collateral consequences from his burglary of a habitation conviction that would support trial court jurisdiction of his habeas writ application?**

The trial court dismissed appellant's writ application for want of jurisdiction on the ground that appellant is not suffering any continuing restraint resulting from his burglary conviction.  We agree with the trial court, but take issue with the form of its final order.

Appellant's first and third issues concern the trial court's jurisdiction.  Appellant's third issue asserts that the trial court erred in finding that he had not established any collateral consequences that would support the trial court's jurisdiction over the habeas writ application.  Although appellant asserted a number of alleged collateral consequences in the trial court, he limits his appellate argument to the taking of his DNA sample and its uploading to, and continued presence within, the CODIS database.  Appellant urges that his current imprisonment for aggravated sexual assault is an ongoing collateral consequence of his erroneous conviction for burglary of a habitation because the burglary conviction caused the taking of his DNA sample and the resulting CODIS match.  Appellant also alleges that, if the DNA profile is available in the database for testing, he may be subject to future arrests and convictions for other offenses he may have committed or will commit.  We disagree because the taking of appellant's DNA was a direct consequence of his conviction that has been completed and any further consequences do not arise from appellant's burglary conviction.

Habeas corpus is a remedy available to applicants who are "restrained in their liberty." *See* TEX. CODE CRIM. PROC. art. 11.01.  The concept of "restraint" justifying the remedy is broader than actual physical restraint.  It encompasses not only confinement or physical custody, but also current and potential collateral consequences resulting from the conviction.  *See Ex parte Harrington*, 310 S.W.3d 452, 457–58 (Tex. Crim. App. 2010); *see also* TEX. CODE CRIM. PROC.

–7–

ANN. arts. 11.21–23 (expanding scope of custody for purposes of writ to include various forms of constructive custody and restraint).

Although *Harrington* addressed the need for collateral consequences for jurisdiction over an article 11.07 writ application, the same requirement applies to article 11.072 writs. *See Ex parte Glass*, 203 S.W.3d 856, 857 (Tex. Crim. App. 2006) (Johnson, J., concurring) (concurring with dismissal of article 11.072 writ application in part because applicant failed to plead collateral consequences to justify jurisdiction over writ application to challenge conviction where sentence had long been discharged); *Ex parte Ali*, 368 S.W.3d 827, 831–33 (Tex. App.—Austin 2012, pet. ref'd) (applicant was subject to continued restraint despite completing community supervision where he was subject to potential deportation proceedings); *Ex parte Wolf*, 296 S.W.3d 160, 166–67 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (applicant's inability to obtain employment in banking and securities industries was collateral consequence of theft conviction thus enabling habeas jurisdiction even though applicant had completed community supervision); *see also Ex parte Tamayo*, No. 02-17-00135-CR, 2017 WL 6047731, at \*3–4 (Tex. App.—Fort Worth Dec. 7, 2017, no pet.) (not designated for publication) (appeal of applicant's 11.072 writ application not rendered moot by his deportation because deportation and inability to reenter the United States are collateral consequences of his guilty plea).

Here, the trial court found that appellant's DNA was taken in 2011, the act of taking it was a single act wholly completed in 2011, and appellant "does not remain subject to any continuing requirement to have his DNA taken." The trial court further found that "[t]he CODIS match that followed the taking of [appellant's] DNA was obtained in the past in a completed series of events, and it is not a collateral consequence that has continued or will arise at some time beyond the serving of [appellant's] sentence" for burglary. The trial court thus both found and concluded that taking appellant's DNA was not a collateral consequence of his conviction.

At the time appellant's DNA sample was taken, article 42.12, section 11(j) provided:

> A judge granting community supervision to a defendant convicted of a felony shall require as a condition of community supervision that the defendant provide a DNA sample under Subchapter G, Chapter 411, Government Code, for the purpose of creating a DNA record of the defendant, unless the defendant has already submitted the required sample under other state law.

*See* Act of May 30, 2009, 81st Leg., R.S., ch. 1209, § 6, 2009 TEX. GEN. LAWS 3865, 3867 codified at TEX. CODE CRIM. PROC. art. 44.12(11)(j)) (repealed and recodified without change, effective Jan. 1, 2017) (current version at TEX. CODE CRIM. PROC. art. 42A.352).

Although appellant concedes that his DNA was taken while he was serving his term of community supervision, he rejects the premise that the DNA sample was taken pursuant to former article 42.12, section 11(j), because he contends that providing a DNA sample was not part of his probation conditions and the conditions were never modified. Appellant contends instead that his DNA was taken pursuant to section 411.1471 of the government code, which requires the trial court to obtain a DNA sample from defendants indicted for a list of offenses and provide the sample to law enforcement "for the purpose of creating a DNA record." *See* TEX. GOV'T CODE § 411.1471(a-b).

As appellant asserts, burglary of a habitation is an offense for which a DNA sample must be taken under section 411.1471, but burglary of a building is not. *See id.* Appellant contends that taking his DNA sample when such was not included within his conditions of community supervision deprived him of due process of law. Appellant further asserts that his current incarceration for aggravated sexual assault is therefore an ongoing collateral consequence of the taking of his DNA in the first instance. Appellant further alleges that his probation file, which is not part of the record on appeal, would show that the statutory procedure for obtaining a mandatory DNA sample from a probationer was not followed in violation of his due process rights.

Nothing in the record supports appellant's theory that his DNA was taken pursuant to section 411.1471 or that his rights were violated. All parties agree that the DNA sample at issue was taken while appellant was on community supervision, not immediately after his arrest or indictment. Because burglary of a habitation and burglary of a building are both felony offenses, appellant's placement on community supervision triggered a mandatory requirement that he submit a DNA sample for inclusion in CODIS regardless of whether he was convicted of burglary of a habitation or burglary of a building. *See* TEX. CODE CRIM. PROC. art. 44.12(11)(j)) (repealed 2017) (current version at TEX. CODE CRIM. PROC. art. 42A.352).

Moreover, because taking appellant's DNA for inclusion in the DNA database was a mandatory condition of community supervision, appellant has not established an ongoing collateral consequence that affects him. If a consequence is definite and largely or completely automatic, it is a direct consequence. *Mitschke v. State*, 129 S.W.3d 130, 135 (Tex. Crim. App. 2004). A direct consequence is one that is a definite, practical consequence of the defendant's plea. *Id.* In contrast, a collateral consequence is one in which the consequence lies within the discretion of the trial court whether to impose it or its imposition is controlled by some agency operating outside the trial court's control. *Id.* at 134 n. 4.

We agree with the trial court that the taking of a DNA sample in 2012 is an accomplished, mandatory event over which the trial court had no discretion. Moreover, it was a direct consequence of appellant's conviction and placement on community supervision rather than a collateral consequence. *See id.* at 134 n. 4, 135.

Appellant also asserts that the continued use of his DNA sample in the CODIS database is an ongoing collateral consequence in that he might be subject to future arrests and prosecutions if his DNA sample is used and matches additional profiles from other offenses he has either

committed or will commit in the future. We disagree. The continued use of appellant's DNA sample in CODIS does not depend in any manner upon his burglary conviction.

In *Ex parte Cook*, a habeas applicant was placed on deferred adjudication in Tarrant County for a family violence assault offense and subsequently adjudicated after he committed a new family violence assault in Hood County. *See Ex parte Cook*, 471 S.W.3d 827, 828 (Tex. Crim. App. 2015). Subsequently, he filed a habeas application contending that the Tarrant County conviction was invalid because it relied for enhancement on a New Mexico conviction that was unavailable for enhancement purposes under the version of the family-violence statute in effect at the time. *Id*. at 831. Although the Tarrant County sentence had already been served, the applicant asserted his writ application was still cognizable because the Tarrant County offense was used to enhance the Hood County family-violence offense. *Id*. at 828. The court of criminal appeals disagreed and dismissed the writ application because the Hood County case had used the Tarrant County deferred adjudication as the ground for enhancement, while appellant was now contending the subsequent Tarrant County conviction was invalid. *See id*. at 832. The court reasoned "[b]ecause the final conviction that applicant here challenges was not the source of the Hood County enhancement, the Hood County enhancement is not a collateral consequence of that conviction." *Id*.

Similar to *Cook*, appellant is complaining about the wrong step in the process. Appellant's burglary conviction and placement on community supervision led to the direct consequence of having his DNA sample taken and submitted to CODIS. Once the sample was uploaded to CODIS, whatever further consequences may flow from that arise independently from the burglary conviction as a collateral consequence of the taking of his DNA sample, an event appellant did not contest and appeal. *See Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999) (requiring, in most instances, probationer to object in trial court to condition of community supervision to preserve issue for appeal).

Furthermore, even if we were to accept the premise of appellant's argument and could, in some manner, order the withdrawal of appellant's DNA sample from the CODIS database, appellant, as an incarcerated prisoner, would still be required to submit a new DNA sample for inclusion in the database.  *See* TEX. GOV'T CODE § 411.148.[2]

Finally, we must also reject appellant's argument that his current imprisonment is a collateral consequence of his burglary conviction.  Appellant is in prison because he pled guilty to committing aggravated sexual assault in a case that is not before this Court.  To the extent appellant desires to contest the validity of his current imprisonment, he must do so in an 11.07 writ over which we do not have jurisdiction.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 §1.

We conclude that appellant has not shown the trial court erred in determining that he did not establish any ongoing collateral consequences arising from his burglary conviction.  We overrule appellant's third issue.

**B.  Appellant's First Issue:  Did the trial court err by concluding that the alleged defects in appellant's indictment were not cognizable in this habeas proceeding?**

Appellant's first issue argues that the trial court erred in dismissing his writ application for want of jurisdiction on the ground that the alleged indictment defects were not cognizable in this case.  Specifically, appellant contends that the trial court had jurisdiction to consider his complaint because the writ application and accompanying memorandum of law showed that the indictment as charged did not contain all of the elements of burglary of a habitation and thus the trial court was without jurisdiction to accept the plea agreement between appellant and the State.  He further urges that he may raise a collateral attack on the jurisdictional defect and the legal insufficiency of the indictment at any time.

---

[2] We note that although appellant must demonstrate the existence of collateral consequences to establish jurisdiction, he need not show that habeas relief would remove the collateral consequences.  *See Ex parte Shay*, 507 S.W.3d 731, 733 (Tex. Crim. App. 2016).

We construe appellant's issue to attack the trial court's findings of fact and legal conclusions that appellant's challenge to defects in the indictment had been waived and was not cognizable. The State responds that appellant waived his complaint about the indictment both by failing to object to the indictment and by waiving defects in the indictment as part of his plea agreement. We agree with the State.

The code of criminal procedure provides that:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."

TEX. CODE CRIM. PROC. art. 1.14(b).

The legislature added this provision to the code of criminal procedure as part of a package of constitutional and statutory reforms in 1985 designed to prevent the very type of challenge appellant seeks to make in this case. *See Teal v. State*, 230 S.W.3d 172, 176–79 (Tex. Crim. App. 2007). Here, appellant did not object to the alleged defect in the indictment in the trial court and, in fact, waived as part of his plea bargain any "defects, errors, or irregularities" in the indictment.

Absent an objection, a defendant may raise an issue about defects in an indictment only if the indictment is so fundamentally deficient that it fails to vest the trial court with jurisdiction. *Ex parte Reedy*, 282 S.W.3d 492, 502 (Tex. Crim. App. 2009). When considering whether an indictment confers jurisdiction upon a court, we look to the indictment as a whole, including the heading to determine if the indictment is clear enough to identify the offense alleged. *See Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009).

Here, although the body of the indictment failed to specifically describe the structure appellant entered as a habitation, the heading of the indictment identified the offense as "burglary of a habitation, the indictment referenced "TPC § 30.02(c)(2)," the portion of the burglary statute

–13–

that addresses penalties for burglary of a habitation, and the indictment describes the offense as a second-degree felony, the penalty for burglary of a habitation. *Compare* TEX. PENAL CODE §30.02(c)(1) (describing burglary offense as a state jail felony if committed in a building other than a habitation *with id*. § 30.02(c)(2) (describing burglary offense as a second-degree felony if committed in a habitation). Furthermore, appellant concedes in his writ application that he was convicted of burglary of a habitation. We thus conclude the trial court did not abuse its discretion in determining that appellant's issue regarding defects in the indictment was not cognizable and had been waived. *See Reedy*, 282 S.W.3d at 502; *Kirkpatrick*, 279 S.W.3d at 328. We overrule appellant's first issue.

**C.** **Appellant's Second Issue: Did the trial court err by denying his insufficient evidence complaint?**

Having overruled both of appellant's issues asserting the trial court erred in concluding it lacked jurisdiction, we need not consider appellant's second issue which addresses the merits of his writ application.

## V. FORM OF THE ORDER

Having disposed of the arguments appellant raised to contest the trial court's assessment of its jurisdiction, we address the trial court's "dismissal" of appellant's writ application. Article 11.072 is the exclusive means by which a district court may exercise habeas jurisdiction over a person who is convicted and either on community supervision or who has completed community supervision. *See* TEX. CODE CRIM. PROC. art. 11.072 §§ 1, 2; *Villanueva*, 252 S.W.3d at 397. In entertaining a habeas application filed under article 11.072, "the trial court shall enter a written order granting or denying the relief sought in the application." *See* 11.072, §6(a).

The trial court's options are to (1) determine that the applicant is "manifestly entitled to no relief" and deny the application as frivolous, or (2) to address the merits of the application and enter a written order making findings of fact and conclusions of law. *See id*. at §7(a); *Ex parte*

–14–

*Baldez*, 510 S.W.3d 492, 495 (Tex. App.—San Antonio 2014, no pet.) (discussing the two options trial court has for disposing of article 11.072 writ application). The statute does not provide an option for the trial court to dismiss the application for want of jurisdiction. *See Ex parte Cozzi*, 138 S.W.3d 454, 454–55 (Tex. App.—Fort Worth 2004, pet ref'd); *see also Ex parte Ali*, No. 03-10-00206-CR, 2010 WL 5376860, at *2 (Tex. App.—Austin Dec. 16, 2010, no pet.) (mem. op.) (not designated for publication) (reversing and remanding causes for noncompliance with article 11.072 where trial court denied relief without addressing merits of writ applications).

The trial court concluded that it had no jurisdiction, but it did not conclude, as it should have, that appellant was manifestly entitled to no relief and deny appellant's writ application as frivolous. *See* article 11.072, §7(a). Instead, the trial court dismissed the writ application and issued an alternate ruling in which it formulated findings of fact and conclusions of law. *See id.*; *Baldez*, 510 S.W.3d at 495.

Because we conclude appellant's application should have been denied as frivolous, we cannot conclude appellant suffered any harm from the trial court's improper formulation of its order or that the trial court's order affected his substantial rights. *See* TEX. R. APP. P. 44.2(b).

## VI. DISPOSITION

We conclude that appellant has not met his burden to show the trial court erred or abused its discretion in denying relief on his application for writ of habeas corpus. *See Torres*, 483 S.W.3d at 43; *Kniatt*, 206 S.W.3d at 664.

Accordingly, we affirm the trial court's order.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
171422F.U05

–16–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE HOWARD HOLLAND

No. 05-17-01422-CR

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 29317A-422.
Opinion delivered by Justice Whitehill.
Justices Bridges and Evans participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered August 17, 2018.