

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00434-CR

Rudy **ZAPATA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 644950
Honorable Rosie S. Gonzalez, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Beth Watkins, Justice
                Liza A. Rodriguez, Justice
                Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: August 23, 2023

AFFIRMED

Rudy Zapata appeals the trial court's affirmative finding of family violence entered after the trial court ordered deferred adjudication for the offense of assault causing bodily injury-married. Although the applicable statutes do not make entry of such a finding mandatory, and a finding is not a "condition of deferred adjudication community supervision," we nevertheless

---

[1] The Honorable Sandee Bryan Marion, Chief Justice (Ret.) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

conclude the trial court had the discretion to enter the finding under the circumstances in this case. We therefore affirm the trial court's order of deferred adjudication.

## BACKGROUND

Zapata was charged with the offense of assault causing bodily injury-married, entered into a plea agreement to receive deferred adjudication, pled nolo contendere, and went open to the court on the other punishment terms. The State recommended, inter alia, an affirmative finding of family violence; Zapata asked the court not to enter that finding. The trial court sentenced Zapata to the agreed-upon terms and entered an affirmative finding of family violence in the order deferring adjudication. The trial court also granted Zapata permission to appeal.

## ANALYSIS

Zapata summarizes his sole argument on appeal as follows:

> The trial court erred by entering an affirmative finding of family violence. To make an affirmative finding of family violence, the finding must be entered into a judgment. There is no judgment in deferred adjudication community supervision because the judgment is deferred. Thus, there is no judgment to enter the affirmative finding of family violence into.

The State responds that a grant of deferred adjudication in a family violence case is considered a conviction and, by extension, a "judgment" into which an affirmative finding of family violence can be entered. To resolve this question, we turn to the plain language of the governing statutes.

### *Standard of Review*

Courts construe statutes according to their plain meaning, unless doing so would lead to absurd results the legislature could not have intended. *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). We determine the plain meaning of a statute by examining its wording and structure, construing the words and phrases according to the rules of grammar and usage. *Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015). We presume that every word "has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if

reasonably possible." *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997). Statutory construction is a question of law we review de novo. *Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim. App. 2009).

### *Applicable Law and Application*

A "judgment" is statutorily defined as "the written declaration of the court . . . showing the conviction or acquittal of the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1. If a court determines, "in the trial of an offense under Title 5, Penal Code [governing offenses against the person]," that the offense involved family violence, "the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." TEX. CODE CRIM. PROC. ANN. art. 42.013; *see also Butler*, 189 S.W.3d at 302.

In contrast to signing a judgment of conviction or acquittal, the trial court may, "after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision." TEX. CODE CRIM. PROC. ANN. art. 42A.101(a). "For most purposes, a deferred adjudication does not count as a conviction." *Middleton v. State*, 634 S.W.3d 46, 50 (Tex. Crim. App. 2021). This is because a conviction generally involves the adjudication of guilt, which is specifically deferred when a court orders deferred adjudication. *See id*. According to Zapata, because his adjudication was deferred, there was no "judgment" in which the trial court could have properly entered an affirmative finding of family violence.

The State responds that a deferred adjudication order in an assault involving family violence constitutes a "conviction" as defined by Texas Penal Code section 22.01(f)(1). Under that subsection, "a defendant has been previously convicted of an [assault involving family violence] . . . if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere

in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision[.]" TEX. PENAL CODE ANN. § 22.01(f)(1).

We agree with Zapata on this point. By its plain language, section 22.01(f) provides that a plea of nolo contendere in return for a grant of deferred adjudication operates as a conviction solely for the purposes of punishment enhancement *in a future case*. TEX. PENAL CODE § 22.01(f)(1); *see Ex Parte Cooke*, 471 S.W.3d 827, 830–31 (Tex. Crim. App. 2015); *Rogers v. State*, 200 S.W.3d 233, 236 n.3 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). We see no language in section 22.01(f) that permits us to treat Zapata's plea of nolo contendere as a present "conviction" that constitutes a judgment *in this case*. *See* TEX. PENAL CODE § 22.01(f)(1); *cf. Webb v. City of Dallas*, 211 S.W.3d 808, 817–18 (Tex. App.—Dallas 2006, pet. denied) (section 22.01(f) "does not state that a person who receives deferred adjudication for family violence assault has been convicted" but instead establishes that a "person currently facing a criminal charge has a previous conviction from a separate charge if the remaining conditions of paragraph (f) are met"). Accordingly, we conclude the order of deferred adjudication is not a "judgment of the case" that required the trial court to enter an affirmative finding of family violence. *See* TEX. CODE CRIM. PROC. art. 42.013.

This conclusion is supported by reference to other statutes that operate in this arena. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 808 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("[T]o the extent possible, we must harmonize separate articles from the Texas Code of Criminal Procedure."); Michael B. Charlton, 6 TEXAS PRACTICE: TEXAS CRIMINAL LAW § 1.4 (2d ed. 2021) ("Statutes that deal with the same person, thing, or class of persons or things, are considered to be *in pari materia* even though they contain no reference to one another and were passed at different times or at different sessions of the Legislature."). In particular, the Texas Legislature has established a list of affirmative findings a court must make when it places on

deferred adjudication community supervision a defendant charged with certain offenses. Tex. Code Crim. Proc. Ann. art. 42A.105. An affirmative finding of family violence is not included in this list. *See id.* Further, this section provides that an affirmative finding shall be filed "with the papers in the case," whereas article 42.013 requires an affirmative finding of family violence be entered "in the judgment of the case." *Compare id.*, *with* Tex. Code Crim. Proc. art. 42.013. Because we must presume the legislature used each word intentionally, we conclude it did not intend to require an affirmative finding of family violence to be entered in an order of deferred adjudication in an appropriate case. *See Hardy*, 963 S.W.2d at 520.

The State argues alternatively that even if the trial court was not required to enter an affirmative finding of family violence in the order of deferred adjudication, it had the discretion to do so under article 42A.104(a), which provides that a trial judge who places a defendant on deferred adjudication "may . . . require any reasonable condition of deferred adjudication community supervision that a judge could impose on a defendant placed on community supervision for a conviction that was probated and suspended[.]" Tex. Code Crim. Proc. Ann. art. 42A.104(a). But an affirmative finding of family violence is a finding of fact, not a condition of deferred adjudication community supervision that could be violated. To the extent the affirmative finding of family violence operated as a condition that could be violated and lead to adjudication, we agree the trial court lacked the discretion to enter it as a condition of Zapata's deferred adjudication. *See* Tex. Code Crim. Proc. Ann. art. 42A.108 ("(a) On violation of a condition of deferred adjudication community supervision imposed under Article 42A.104, the defendant may be arrested and detained as provided in Article 42A.751. (b) The defendant is entitled to a hearing limited to a determination by the court of whether the court will proceed with an adjudication of guilt on the original charge."). But that does not mean that the trial court wholly lacked discretion to enter the finding. And we are required to "uphold the trial court's ruling if that

ruling is reasonably supported by the record and is correct on any theory of law applicable to the case." *Mahaffey v. State*, 316 S.W.3d 633, 637 (Tex. Crim. App. 2010).

As the State notes, under article 42A.104(a), the trial court has the authority to "require any reasonable condition of deferred adjudication community supervision that a judge could impose on a defendant placed on community supervision for a conviction that was probated and suspended. . . ." Article 42A.504 sets out such conditions for offenses involving family violence. Subsection (b) provides, "If a judge grants community supervision to a defendant convicted of an offense under Title 5, Penal Code, that the court determines involves family violence, the judge shall require the defendant to pay a fine of $100 to a family violence center that: (1) receives state or federal funds; and (2) serves the county in which the court is located." TEX. CODE CRIM. PROC. ANN. art. 42A.504(b). Thus, an affirmative finding has independent relevance even outside the context of Texas Penal Code section 22.01(f)(1). *Cf. Sampson v. State*, 983 S.W.2d 842, 843, (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (holding affirmative finding of a deadly weapon "is not applicable" to an order of deferred adjudication because the purpose of the finding is to aid TDCJ in calculating parole eligibility only, and parole eligibility only applies to persons who are imprisoned). We conclude articles 42A.104(a) and 42A.504(b), operating together, gave the trial court discretion to make an affirmative finding of family violence in this case.

Finally, the finding in this case is supported by Zapata's plea of no contest to the information which specifically alleged an assault with bodily injury married/cohabitating. *See* TEX. FAM. CODE ANN. § 71.004 (defining "family violence" to include "an act by a member of a family or household against another member of the family or household"). At the plea hearing, the trial court recited the evidence of the assault upon which it made the family violence finding. When questioned by the court as to why there was confusion about the trial court's authority to enter the

finding, Zapata's counsel acknowledged that she had agreed to family violence findings in orders for deferred adjudication in previous cases:

> THE COURT: I don't know why this is any different than any other plea, [counsel].
>
> [COUNSEL]: Well, I think what makes this different, Your Honor, is that in previous pleas, we had not -- we had agreed to the Affirmative Finding of Family Violence, and so the -- the -- what makes this plea a little different is that the -- the State and I have gone open to the Court for sentencing.

We agree that going open to the court makes all the difference. By going open to the court, Zapata ultimately left the decision to make this finding to the court. This is especially important because Zapata was repeatedly given the opportunity to withdraw the plea, even after the trial court informed him it was going to impose the affirmative finding. He ultimately acknowledged, "We have had an agreement for the deferred adjudication, and we asked the Court to sentence Mr. Zapata, and we asked the Court to find the terms of the sentence as they see fit."

A deferred disposition is discretionary, not a matter of right. TEX. CODE CRIM. PROC. ANN. art. 42A.101 ("if in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision"). This is not a case where the trial court unilaterally added non-negotiated terms to a plea-bargain agreement. *Cf. Jones v. State*, 600 S.W.3d 94, 101 (Tex. App.—Dallas 2020, pet. ref'd) (deleting deadly-weapons findings in deferred-adjudication orders where written plea agreements specified that there would be no deadly-weapon findings). Although we agree with Zapata that a trial court is not required to enter a family violence finding and that a family violence finding is not a condition of deferred adjudication community supervision, we disagree that the trial court, in an open plea, wholly lacked discretion to enter a finding before adjudication.

## CONCLUSION

We affirm trial court's order of deferred adjudication.

Beth Watkins, Justice

DO NOT PUBLISH