The girl testified that appellant penetrated her with his private parts.

 An attack was made upon the previous chastity of the girl, some of the neighbor ladies testifying as to her having a bad name, and to some of her wayward acts, but none gave her a bad reputation for chastity, save by inference because of her reckless conduct. The girl's good reputation was affirmed by some of her teachers and associates, and a question of fact was thus presented to the jury.

Appellant offered as a defense the fact that the girl expected to meet a soldier down at his shack, and that she willingly accompanied him there, and there found the soldier; that the soldier demanded some beer; that the girl said she would not drink the beer, and the soldier then left. That appellant then started to change his pants, at which time the chief of police and Butler entered and took him away. That he was weak sexually on account of having been blown up by dynamite many years ago and could not perform a sexual act; nevertheless, under examination of a doctor, it was shown that his sexual parts appeared to be normally nourished. He denied any act as alleged in the indictment. He was shown to be an ex-convict, with different aliases, two prior convictions, and one charge of a similar offense.

The trial court charged the jury relative to the lack of chastity upon the part of the girl, and also upon the necessity for showing penetration, as well as appellant's inability to effect a penetration. He also charged upon force and threats, and submitted to the jury both counts of the indictment.

Appellant's objections to such charge, we think, are not well taken, and do not call for an extended discussion.

The jury returned a verdict finding appellant guilty under both counts in the indictment, and the court then found appellant guilty as charged in the indictment and sentenced him to serve not less than five years nor more than thirty years in the penitentiary.

There was testimony that supported both phases of the indictment, and the trial court instructed the jury on both such phases. Neither count of the indictment is attacked, and the verdict could have been predicated upon either one; both were concerned only with the assault of December 12, 1941, and unquestionably jeopardy would attach and guarantee no further criminal responsibility as to either count. See 12 Tex.Jur., pp. 565, 566.

There are no further exceptions found in the record save those questioning the charge.

We think the evidence is amply sufficient, and that the charge correctly states the law as applied to the facts.

The judgment is therefore affirmed.

**PRIMEAUX v. STATE.**

No. 22154.

Court of Criminal Appeals of Texas.

June 3, 1942.

Charles Heidingsfelder, Jr., of Houston, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

GRAVES, Judge.

Conviction is for failure to stop and render aid, punishment assessed being confinement in the penitentiary for a period of two years.

The record contains neither statement of facts nor bills of exceptions. In such condition nothing is presented for review.

The judgment is affirmed.