IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0838-05






BOBBY GENE BUTLER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


DENTON COUNTY





 Johnson, J., delivered the opinion for a unanimous Court.


O P I N I O N 





 Appellant was charged by information with the misdemeanor offense of assault-family
violence in violation of Tex. Penal Code § 22.01(a)(1). (1) The complaint and information alleged
Class A misdemeanor assault. The affidavit in support of the complaint included all the facts needed
to allege assault-family violence. Testimony during his jury trial revealed that appellant and the
complainant were engaged, had a child together, and had been living together for approximately two
and a half years at the time this offense was committed. The state presented evidence that, during
an argument, appellant pinned the complainant on the bed with his knee and struck her in the head
twice with his fist and that, after the complainant attempted to contact the police, appellant grabbed
the complainant and pushed her into the wall, causing bruises and abrasions on her upper torso. 
Appellant testified that he had been defending himself from the complainant's attack.

 The jury convicted appellant of assault. Appellant had chosen sentencing by the court, and
the judge sentenced appellant to two hundred seventy days' confinement in the Denton County Jail,
probated for a period of eighteen months. Pursuant to Tex. Code Crim. Proc. art. 42.013, (2) the trial
court entered a finding at sentencing that the evidence proved family violence and included in the
judgment a statement that the offense involved family violence (3) and "an affirmative finding that the
defendant and victim are family members or members of the same household." Tex. Fam. Code
§§ 71.003, 71.005. (4)

 Appellant appealed, asserting that the trial court erred in making a family-violence factual
finding because: (1) appellant was not given proper notice of the family-violence allegation; and (2)
pursuant to Apprendi v. New Jersey, (5) the trial court erred in failing to submit the family-violence
issue to the jury. Butler v. State, 162 S.W.2d 727 (Tex. App.- Fort Worth, delivered Mar. 31, 2005). 

 The court of appeals, relying on Thomas v. State, (6) found that the state sufficiently notified
appellant of its intent to seek a family-violence finding. In particular, the court of appeals found that
the caption on the information used to charge appellant clearly indicated that the offense was
"Assault Family Violence" and that the complainant's relationship with appellant as his fiancée and
the mother of his child satisfied the relevant definitions outlined in Tex. Code Crim. Proc. art.
42.013 and Tex. Fam. Code §§ 71.003-71.005. 

 The court of appeals also determined that appellant's Apprendi claim was not ripe for
discussion because, pursuant to the language of Tex. Penal Code § 22.01(b)(2), (7) the information
alleged only a single occurrence of assault-family violence. Consequently, while a subsequent
conviction for assault-family violence might implicate Apprendi by transforming a misdemeanor
assault into a third-degree felony, the single offense alleged in this case would not increase the
penalty imposed beyond the prescribed statutory maximum so as to require submission of the issue
to the jury. We granted review of one of appellant's grounds. (8) We affirm the judgment of the court
of appeals.

The Finding of Family Violence


 Generally, courts interpret a statute according to its plain language. Boykin v. State, 818
S.W.2d 782, 785 (Tex. Crim. App. 1991). Under Tex. Code Crim. Proc. art. 42.013, the plain
language of the statute assigns the responsibility for making the family-violence determination solely
to the trial court and states in pertinent part "if the court determines that the offense involved family
violence, . . . the court shall make an affirmative finding of that fact" and enter it in the judgment of
the case. Thus, the trial court is statutorily obligated to enter an affirmative finding of family
violence in its judgment, if during the guilt phase of trial, the court determines that the offense
involved family violence as defined by Tex. Fam. Code § 71.004(1).

 In the instant case, evidence was presented at trial that, at the time appellant assaulted the
complainant, appellant and the complainant were engaged, had a child together, and had been living
together for more than two years. The court of appeals correctly noted that Tex. Fam. Code §
71.003 defines "family" to include individuals, such as appellant and the complainant, who are the
biological parents of the same child, without regard to marital status. For the purposes of the Texas
Family Code, therefore, appellant and the complainant are "family," and appellant's assault of the
complainant constitutes family violence. The court of appeals properly found that the entry of the
affirmative finding of family violence in the judgment of this case pursuant to Tex. Code Crim.
Proc. art. 42.013 was correct. 

The Apprendi Claim

 In Apprendi, the United States Supreme Court examined the validity of a hate-crime statute
that allowed for an increased sentence if the trial judge determined, by a preponderance of the
evidence, that the defendant committed the crime with the intent to intimidate a person or group of
persons because of their race, color, gender, handicap, religion, sexual orientation, or ethnicity. (9)
Apprendi, 530 U.S. at 490. The Court determined that the statute was unconstitutional and held that,
other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the
prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.
Id. at 491.

 Any individual found guilty of a Class A misdemeanor, such as assault, shall be punished by
a fine not to exceed four thousand dollars, confinement in jail for a term not to exceed one year, or
both. Tex. Penal Code § 12.21. The maximum period of community supervision for a
misdemeanor is two years. Tex. Code Crim. Proc. art. 42.12, §3(c). An affirmative family-violence
finding affects a defendant's sentence only if the defendant has previously been convicted of assault-
family violence. See Tex. Penal Code §22.01(b)(2). Under such circumstances, the offense
becomes a third-degree felony. Id. Here, however, the evidence before the trial court showed that
appellant was charged with a single count of assault-family violence. No evidence exists in the trial-court record to show that appellant has previously been convicted of family violence, nor did the
state attempt to prove a prior conviction at trial. 

 Since the information charged appellant with only a single count of assault-family violence
and alleged no prior convictions for that same offense, the question is simply whether appellant was
assessed a penalty beyond the prescribed statutory maximum and, if so, whether the basis of the
increased penalty was submitted to a jury and proven beyond a reasonable doubt. Appellant was
sentenced to two hundred seventy days' confinement in the Denton County Jail, probated for a period
of eighteen months, and fined five hundred dollars. Apprendi and its progeny are inapplicable to the
instant case because the punishment assessed by the trial court is well within the established statutory
parameters. Tex. Penal Code § 12.21. 

 Nevertheless, appellant argues that the family-violence finding subjects appellant to
additional community supervision conditions. (10) Citing the dissent in the court of appeals's opinion,
appellant contends that these conditions make the terms of his probation more burdensome and that
imposing such conditions in the absence of a family-violence finding from the jury is unreasonable. 

 However, as the state points out, there exists no authority for the proposition that Apprendi
applies to probation conditions. Furthermore, we have previously held that community supervision
is not part of the defendant's sentence, (11) and that the trial court has broad discretion, not only in
deciding whether to grant community supervision, but also in determining the conditions of that
supervision. Speth v. State, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). None of the conditions
included in appellant's community-supervision order increased appellant's punishment beyond the
prescribed statutory maximum, thus Apprendi does not apply. 

 We overrule appellant's ground for review and affirm the judgment of the court of appeals.


Delivered: April 12, 2006


Publish


1. Tex. Penal Code § 22.01 Assault

 (a) A person commits an offense if the person:

 (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the
person's spouse; . . ..
2. Tex. Code Crim. Proc. art. 42.013 Finding of Family Violence

 In the trial of an offense under Title 5, Penal Code, if the court determines that the offense
involved family violence, as defined by Section 71.004, Family Code, the court shall make an
affirmative finding of that fact and enter the affirmative finding in the judgment of the case.


 Title 5 consists of Offenses Against the Person. Assault is included in this category.
3. The trial court erroneously wrote that the jury had found appellant guilty of assault-family violence "as
charged in the information." The conditions of community supervision included completion of the "Batterer's
Intervention Program."
4. Tex. Fam. Code Chapter 71 Definitions

 Tex. Fam. Code § 71.003 Family

 "Family" includes . . . individuals who are parents of the same child, without regard to
marriage . . ..

 

 Tex. Fam. Code § 71.004 Family Violence

 "Family Violence" means:

 (1) an act by a member of a family or household against another member of the
family or household that is intended to result in physical harm, bodily injury,
assault, or sexual assault, . . . but does not include defensive measures to protect
oneself; . . ..

 

 Tex. Fam. Code § 71.005 Household

 "Household" means a unit composed of persons living together in the same dwelling,
without regard to whether they are related to each other.
5. 530 U.S. 466 (2000).
6. 150 S.W.3d 887 (Tex. App.-Dallas 2004, pet. ref'd).
7. Tex. Penal Code § 22.01 Assault

 (b) An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a
felony of the third degree if the offense is committed against:

 ***

 (2) a person whose relationship to or association with the defendant is described by . . . Section
71.003, or 71.005, Family Code, if it is shown on the trial of the offense that the defendant has been previously
convicted of an offense under this chapter, . . ..
8. "Whether or not the court of appeals for the Second District of Texas erred in finding that the trial court
could make a factual finding of family violence without submitting the issue to a jury."
9. Apprendi addressed the imposition of an increased punishment assessed by a trial court after the defendant
plead guilty to the trial court pursuant to a plea agreement.
10. Pursuant to Tex. Code Crim. Proc. art. 42.12, §§11(h), 14(c), the trial court ordered appellant to pay one
hundred dollars to a Denton County family violence shelter and successfully complete a batterer's intervention
program.
11. Speth v. State, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999).