**MODIFY and AFFIRM; and Opinion Filed June 21, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01114-CR

**FRANK DODD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1759117-R**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Brown

Following a jury trial, Frank Dodd appeals his conviction for aggravated assault with a deadly weapon involving family violence. In four issues, appellant contends the State did not prove the offense occurred in Dallas County, the trial court erred by violating his common-law right to allocution, and his punishment violates the Eighth Amendment. We modify the trial court's judgment to include a finding of family violence and affirm as modified.

Appellant was charged with first-degree aggravated assault under penal code section 22.02(b)(1). The indictment alleged that on or about October 27, 2017, in Dallas County, appellant intentionally, knowingly, and recklessly caused serious bodily injury to David Blair, by shooting Blair with a firearm and alleged appellant used a deadly weapon during the commission of the

offense. In addition, the indictment alleged appellant was a member of Blair's family and household.

Blair, appellant's brother, testified that in October 2017, he was living with appellant at appellant's home in Oak Cliff in Dallas County. On October 24, Blair was home making some food for his young son. The two men argued because appellant thought Blair was making too much noise. Appellant left the room and returned with a gun. Appellant fired three shots. Blair was hit twice, once in the chest and once in the buttocks. Blair's son, who was age eight when he testified at trial, witnessed the shooting. Dallas Police Detective Mark Meltabarger investigated the case. He reviewed photographs of the crime scene and witness interviews. The detective testified that the shooting occurred in Dallas County, Texas.

Appellant testified that he shot Blair to protect himself after Blair came at him with a knife. But the jury rejected appellant's claim of self-defense. It found appellant guilty as charged and assessed his punishment at ten years confinement.

In his first issue, appellant contends the trial court erred in denying his motion for directed verdict. In issue two, he challenges the legal sufficiency of the evidence. Appellant's argument under both issues is that he is entitled to an acquittal because the State failed to prove he committed the offense in Dallas County.

The State bears the burden to prove venue by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 13.17. Venue is not an element of the offense under Texas law. *Schmutz v. State*, 440 S.W.3d 29, 34 (Tex. Crim. App. 2014) ("element" is fact legally required for fact finder to convict person of substantive offense). As such, failure to prove venue does not implicate the sufficiency of the evidence nor does it require acquittal. *Id.* at 35. Any failure to prove venue as alleged is non-constitutional error subject to a harm analysis under rule of appellate procedure 44.2(b). *Id.* at 37, 39.

Appellant contends the State's witnesses did not testify that the shooting took place in Dallas County. To the contrary, as discussed above, both Blair and Detective Meltabarger provided evidence the offense occurred in Dallas County. The State proved venue by a preponderance of the evidence. We overrule appellant's first and second issues.

In his third issue, appellant contends the trial court violated his common-law right to allocution. "Allocution" refers to a trial court's inquiry into whether a criminal defendant wishes to "speak in mitigation of the sentence to be imposed." *Eisen v. State*, 40 S.W.3d 628, 631–32 (Tex. App.—Waco 2001, pet. ref'd). The code of criminal procedure requires a trial judge to ask before pronouncing sentence if a defendant has "anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07. The trial court complied with article 42.07 in this case. Appellant argues there is a common-law right of allocution that is broader than the statutory right. He would require the trial court to additionally inquire if he wished to exercise his common-law right of allocution. Appellant did not make any objection to the trial court's failure to make this inquiry. To preserve a complaint about the right to allocution, a defendant must raise the complaint in the trial court. *McClintick v. State*, 508 S.W.2d 616, 617–18 (Tex. Crim. App. 1974) (op. on reh'g); *see* TEX. R. APP. P. 33.1(a). By failing to object in the trial court, appellant has not preserved this issue for appellate review. We overrule appellant's third issue.

In his fourth issue, appellant contends the trial court imposed a grossly disproportionate punishment in violation of the Eighth Amendment. Appellant did not object to his sentence at the time it was imposed or in his motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1). Even constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Davis v. State*, 323 S.W.3d 190, 196 (Tex. App.—Dallas 2008, pet. ref'd); *see Rhoades*

*v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Because appellant failed to raise this complaint in the trial court, he has not preserved this issue for appellate review.

Even if we consider the merits of appellant's fourth issue, his argument fails. He argues that his ten-year sentence is grossly disproportionate to the crime. The concept of proportionality is embodied in the Eighth Amendment's ban on cruel and unusual punishment and requires that punishment be graduated and proportioned to the offense. *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016); *Foster v. State*, 525 S.W.3d 898, 910 (Tex. App.—Dallas 2017, pet. ref'd). Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual. *Foster*, 525 S.W.3d at 910. A sentence is grossly disproportionate only in the "exceedingly rare or extreme case." *Simpson*, 488 S.W.3d at 322–23 (noting that United States Supreme court has held only twice that non-capital sentence imposed on adult was constitutionally disproportionate). To determine whether a sentence is grossly disproportionate for a particular defendant's crime, we judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *Id.*; *Foster*, 525 S.W.3d at 910. In the rare case in which this threshold comparison leads to an inference of gross disproportionality, we then analyze how the defendant's sentence compares to the sentences of other offenders in the same and other jurisdictions. *Simpson*, 488 S.W.3d at 323. If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual. *Id.*

In this case, appellant was convicted of a first-degree felony, aggravated assault with a deadly weapon involving family violence. *See* TEX. PENAL CODE ANN. § 22.02(b)(1). His ten-year sentence fell well within, and at the low end of, the range for the offense of five to ninety-nine years. *See id.* §12.32(a). Appellant shot his brother in front of the brother's young son. Blair's pelvis was fractured and he still has health issues as a result of the bullet that remains

–4–

lodged there. There was evidence his son was traumatized by the event. Appellant's sentence does not raise an inference of gross disproportionality, even for a first offense. We overrule appellant's fourth issue.

In a cross point, the State asks this Court to modify the trial court's judgment to include a finding of family violence. Article 42.013 of the code of criminal procedure provides that in the trial of an offense under Title 5 of the penal code, which includes aggravated assault, if the court determines that the offense involved family violence, as defined by section 71.004 of the family code, "the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." TEX. CODE CRIM. PROC. ANN. art. 42.013; *see* TEX. PENAL CODE ANN. §§ 19.01-22.12 ("Offenses Against the Person"). The definition of "family violence" in section 71.004 includes "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault." TEX. FAM. CODE ANN. § 71.004.

The indictment in this case alleged that appellant committed aggravated assault with a deadly weapon and that appellant was a member of the complainant's family and household. The evidence was undisputed that appellant and the complainant Blair were brothers and lived in the same house at the time of the offense. The jury found appellant guilty as charged in the indictment.

On this record, we conclude that the trial court was statutorily obligated to include an affirmative finding of family violence in the judgment. *See Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). This Court may modify the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–8 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the trial court's judgment to include an affirmative finding of family violence.

As modified, we affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

181114F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FRANK DODD, Appellant

No. 05-18-01114-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1759117-R.
Opinion delivered by Justice Brown,
Justices Bridges and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to include an affirmative finding of family violence under the caption "Furthermore, the following special findings or orders apply."

As modified, the judgment is **AFFIRMED**.

Judgment entered this 21st day of June, 2019.