**Affirmed as Modified; Opinion Filed February 19, 2020**



In the
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00707-CR

**JODI RAE MCDONALD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1852869-V**

## MEMORANDUM OPINION

Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Carlyle

Appellant Jodi Rae McDonald entered an open plea of guilty to aggravated assault with a deadly weapon causing serious bodily injury to a family member. Following a hearing, the trial court convicted her and assessed punishment at ten years' imprisonment.

In her sole issue on appeal, Ms. McDonald contends the trial court abused its discretion by admitting certain photographs into evidence during the plea hearing. The State argues Ms. McDonald's appellate issue does not comport with her trial court objection and, regardless, the trial court did not abuse its discretion. The State also asserts in a cross-point that this court should modify the judgment to include the trial court's affirmative finding of family violence. We affirm the trial court's judgment as modified in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

**Background**

Ms. McDonald was indicted for injuring the complainant—her husband—by stabbing him in the neck with a knife. In August 2018, she filed a discovery motion requesting that the State produce, among other things, "[a]ll photographs of the complainant, whether taken at the scene of the alleged offense, at the scene where the complainant was discovered, [or] at the hospital, . . . if any." The day of Ms. McDonald's guilty plea hearing, in March 2019, the State filed a list of items it produced in response, including an electronic "zip" file it described as "Photographs."

During the plea hearing, the State asked the complainant, "[Y]ou and I in my office had the opportunity to look through some photos from [the day of the stabbing]; is that correct?" The complainant answered "yes" and testified that those photos "accurately describe the scene . . . as it was." Then, the prosecutor offered into evidence State's Exhibit 4, a compact disc. Defense counsel objected as follows:

> [DEFENSE COUNSEL]: I've seen photos, Judge, with regard to crime scene photos. I've not seen this.
>
> [STATE]: These are the crime scene photos.
>
> [DEFENSE COUNSEL]: I don't know what else is on there.
>
> [STATE]: That's all. You can check if you want.
>
> THE COURT: I'll tell you what. You've seen crime scene photos. You've never seen what's exactly on that disc, though?
>
> [DEFENSE COUNSEL]: Correct. I'll have to object. I don't know, other than what's—
>
> [STATE]: I'll show you if you like.
>
> THE COURT: I'll tell you what. Before you do that, if you're representing to the Court that they're all pictures, and if there's something on there that shouldn't be on there, then you're running a risk. You understand that?
>
> [STATE]: I understand, Your Honor.

–2–

THE COURT: All right. Then I'll admit those over your objection, conditioned upon their being relevant once we've seen them. I have to make the determination anyway. I'll admit State's Exhibit No. 4 over your objection. I'll give you a running objection to State's Exhibit No. 4.

The State published the disc's photos to the trial court one by one. The first dozen photos showed blood-stained items in the apartment where the stabbing occurred. Then, defense counsel again objected:

> [DEFENSE COUNSEL]: Judge, that's where I'm going to object. No. 1, the previously was 7645494, that's clearly at the hospital. It's not a crime scene photo at the residence of which, subject to my previous objection, not knowing the full contents of the CD.
>
> THE COURT: The objection is overruled.
>
> [DEFENSE COUNSEL]: Same objection to—go back one.
>
> THE COURT: Are you going to object to all photos—
>
> [DEFENSE COUNSEL]: Yes, Your Honor.
>
> THE COURT: Hang on. —all photos of the victim at the hospital?
>
> [DEFENSE COUNSEL]: Yes, Judge.
>
> THE COURT: It's my understanding by looking at these, these are photos of him at the hospital as a result of the wounds sustained?
>
> [STATE]: Yes, sir.
>
> THE COURT: Okay. The objection's overruled. I will give you a running objection to all photos of him at the hospital—
>
> [DEFENSE COUNSEL]: Thank you.
>
> THE COURT: —contained on State's 4.

At the hearing's conclusion, the trial court stated "I do find you guilty of the offense of aggravated assault with a deadly weapon, serious bodily injury to a family member. I'm going to make an affirmative finding of a deadly weapon. I'm going to make an affirmative finding of family violence."

**Ms. McDonald preserved her complaint**

In her issue, Ms. McDonald contends the trial court abused its discretion by admitting the complainant's hospital photos into evidence because "[defense] counsel objected that he had not been given the documents on the disc labeled State's Exhibit 4" as required by "[t]he Michael Morton Act, Tex. Crim. Proc. Art. 39.14(a)." The State responds "[n]othing in [Ms. McDonald's] objections gave the trial judge notice that [she] was objecting to the exhibit based on the State's failure to timely disclose evidence pursuant to the Michael Morton Act or any discovery order as she now raises on appeal," and thus she failed to preserve her issue for appellate review.

To preserve error for appellate review, the record must establish that the request or objection made in the trial court "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *see Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). Even constitutional error may be waived by failure to properly put the trial court on notice of the objection or request. *See Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). Arguments on appeal must comport to the objections or requests made at trial. *See, e.g.*, *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Though no particular words or formalistic phrases are required to preserve an error, "[t]he complaining party bears the responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale." *Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). Counsel for Ms. McDonald adequately conveyed the objection below. Though not with perfect clarity, the objection counsel made informed the trial court that counsel suspected the State had not disclosed some or all of the contents of the disc he had not seen. It appears from the record that the trial court understood this as well. In its response, "You've seen crime scene photos. You've never seen

–4–

what's exactly on that disc, though?" the trial court evinced its understanding that counsel complained of non-disclosure.

Following the State's offer to show counsel the contents of the disc, the court appropriately admonished the State that it was "running a risk" if "there's something on there that shouldn't be on there." This too evinced the trial court's understanding that counsel objected to items the State had failed to disclose, or as the court noted, items "that shouldn't be on there." The State indicated its understanding and the court then admitted the contents of the disc, "conditioned on their being relevant once we've seen them," a separate inquiry. After not lodging objections to several photos of the bloody, messy apartment, the "crime scene," counsel objected when the State showed a picture of the wounded husband at the hospital. The court asked counsel if he objected to all hospital photos, counsel said he did, and the court both overruled the objection and gave counsel a running objection to the hospital photos on the disc.

The two main purposes of requiring a specific objection are to inform the trial court of the basis of the objection so it has an opportunity to rule on it and to allow opposing counsel to remedy the error. *Clark*, 365 S.W.3d at 339. "Usually, for a complaint to be obvious without having been explicitly stated and still satisfy the purposes above, there have been statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to be." *Id*. Based on the mid-hearing discussion we recite above, we conclude Ms. McDonald adequately preserved error.

**The trial court did not abuse its discretion by admitting the disc and its contents**

The Michael Morton Act requires, among other things, that the State must produce requested discovery as soon as practicable after receiving a defendant's timely request. TEX. CODE

CRIM. PROC. art. 39.14(a).[1] We review the trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *See Francis v. State*, 428 S.W.3d 850, 855 (Tex. Crim. App. 2014); *Salazar v. State*, 38 S.W.3d 141, 153 (Tex. Crim. App. 2001). We will uphold the trial court's evidentiary ruling if it is within the zone of reasonable disagreement. *Salazar*, 38 S.W.3d at 153.

Counsel objected to potential contents of the disc he claimed had not been previously disclosed, and that he had only seen crime scene photos. The State responded that the disc contained only the crime scene photos counsel had seen. Apparently accepting the State's representation, and cautioning the State in the event that its representation was incorrect, the court admitted the disc and its contents. The disc included photos depicting the bloody, messy aftermath in the apartment where Ms. McDonald stabbed her husband. It also included photos of the husband at the hospital to which counsel specifically objected.

The trial court may have concluded the hospital photos had been disclosed to counsel based on the State's representation. It may have concluded the photos were not unnecessarily gruesome, that they weren't duplicative of other evidence, and that, as depictions of the injuries Ms. McDonald admitted causing by pleading guilty, they were appropriately admitted. *See* TEX. R. EVID. 401. Assuming the State did not disclose the hospital photos, nothing in the record supports a conclusion this would have been more than extreme negligence or recklessness. *See Francis*, 428 S.W.3d at 855 & n.8. Based on this record, and without more, we cannot conclude the trial court abused its discretion by allowing the hospital photos into evidence at the plea hearing. *See id.*

---

[1] The record contains the required notice of disclosure, which refers to Ms. McDonald's article 39.14 request for discovery and includes a list of the items disclosed. TEX. CODE CRIM. PROC. art. 39.14(a), (i), (j). The State's list of items provided to counsel includes only the name of the zip file characterized as containing photographs, and does not include an itemized file-name list or other description of the photographs in that zip file.

**The State's cross-point: add "family violence" finding to the judgment**

If a trial court determines that an offense under title five of the Texas Penal Code ("Offenses Against the Person") involved "family violence," as defined by Texas Family Code section 71.004, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case. CRIM. PROC. art. 42.013; *see also Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). "Family violence" means "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault." TEX. FAM. CODE § 71.004(1). Spouses, of course, are "family." *See id.* § 71.003.

The indictment in this case charged an offense under the penal code's title five and alleged that "defendant was a member of the complainant's family and household." *See* TEX. PENAL CODE § 22.02(b)(1). The trial court found Ms. McDonald guilty of "aggravated assault with a deadly weapon, serious bodily injury to a family member" and stated, "I'm going to make an affirmative finding of family violence," but the judgment includes no affirmative finding of family violence.

We conclude the trial court was statutorily obligated to include an affirmative finding of family violence in its judgment. *See* CRIM. PROC. art. 42.013; *Butler*, 189 S.W.3d at 302. This court has the power to modify a judgment to make the record speak the truth when we have the necessary information before us to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Thus, we modify the trial court's judgment to include an affirmative finding of family violence.

We decide Ms. McDonald's issue against her and decide in the State's favor on its cross-

point. We affirm the trial court's judgment as modified.

/Cory L. Carlyle/<br>
CORY L. CARLYLE<br>
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190707F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JODI RAE MCDONALD, Appellant

No. 05-19-00707-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1852869-V.
Opinion delivered by Justice Carlyle.
Justices Myers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to include an affirmative finding of family violence.
As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 19th day of February, 2020.