**AFFIRMED and Opinion Filed June 2, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00521-CR**

**GREGORY BOYD ADAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-2051061-T**

# MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

Appellant pleaded guilty to possession of a controlled substance pursuant to a plea bargain agreement. In accordance with the agreement, the court accepted appellant's plea, deferred adjudication of guilt, placed appellant on community supervision for two years, and ordered that he pay court costs and a $1,000 fine. The trial court certified appellant's right to appeal.[1]

---

[1] Although we initially questioned our jurisdiction, after requesting and receiving letter briefs from the parties, we advised that we have jurisdiction. *See* TEX. R. APP. P. 25.2(a)(2); TEX. CODE CRIM. PROC. ANN. art. 44.02.

In two issues, appellant now argues the trial court erred by requiring inpatient rehabilitation as a community supervision condition and abused its discretion by admitting an unrelated affidavit into evidence. Finding no reversible error, we affirm the trial court's judgment.

## I. BACKGROUND

Appellant pleaded guilty to possession of heroin. Specific terms of his community supervision regarding whether he should be provided inpatient or outpatient drug treatment services were left open.

During the hearing, appellant testified that he wanted to be placed in an outpatient treatment program because his parents are elderly and rely on him. He also testified that he was willing to work with an outpatient program, that he had worked a 12-step program in the past to step eight or nine, was willing to get a sponsor, and willing to wear a drug patch.

On cross-examination, appellant testified that he began using illegal drugs as early as age eighteen, specifically marijuana, and started using hard drugs at age twenty-one. He had been abusing heroin and methamphetamine for two years and on average, injected a gram of heroin a day. Appellant further testified that he had struggled with homelessness and did not have a place to live. Appellant also admitted he had been arrested for another offense while on release for the heroin offense that was the subject of the plea.

The trial judge asked appellant what he remembered about the 12-step program in which he participated. Appellant couldn't remember, but said he worked through the program and did therapy when the program was ongoing. The judge explained that appellant should be able to remember the steps and should have been able to learn something from his prior outpatient placement. Again, the judge asked appellant what he learned from the prior programs. Appellant responded that he couldn't recite the steps to the court verbatim. The trial court placed appellant in an inpatient treatment program as a condition of his community supervision.

## II. ANALYSIS

### A. Inpatient Supervisory Condition

Appellant's first issue argues that the condition requiring community supervision is invalid because: (i) the court ordered numerous other conditions that reasonably assure that appellant remains drug and alcohol free; (ii) the condition does not allow him to work, obtain housing, or help his parents; and (iii) it deprives appellant of his "conditional liberty without due process of law." Notwithstanding appellant's protest and his exchange with the judge following imposition of the condition, the State argues that appellant failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999) (defendant must complain at trial about community supervision terms he finds objectionable). Assuming without deciding that the issue was preserved, there is no

basis to conclude the trial court abused its discretion by ordering inpatient treatment to address appellant's heroin use.

"[T]he trial court has broad discretion, not only in deciding whether to grant community supervision, but also in determining the conditions of that supervision." *Butler v. State*, 189 S.W.3d 299, 303 (Tex. Crim. App. 2006). Therefore, imposed conditions of community supervision are reviewed for an abuse of discretion. *Reed v. State*, No. 05-01-01775-CR, 2003 WL 176346, at *3 (Tex. App.—Dallas Jan. 28, 2003, no pet.) (mem. op., not designated for publication). A trial court abuses its discretion only when its decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008).

Appellant contends that Condition 20 (requiring inpatient treatment) is invalid because it is duplicative of other conditions. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.301(a). We disagree.

Condition 20 requires that appellant:

Participate immediately upon the request of the Court, in Treatment at: THE DALLAS COUNTY JUDICIAL TREATMENT CENTER PROGRAM LANCASTER, TX, for a period not to exceed 180 days, making observable and diligent effort to comply with all directives, rules, and regulations of the Treatment Center, to include supportive housing, continuum of care recommendations, and any specialized aftercare program if required.

According to appellant, this condition duplicates Conditions 14, 16, 17, 18, and 19. There is no duplication. Indeed, these conditions work in tandem with

–4–

condition 20 to help appellant maintain sobriety and include safeguards to monitor his progress. Specifically, Condition 14 requires appellant to submit to drug testing at the request of his Supervision Officer. Condition 16 requires appellant to attend a Safe Neighborhood Training class. Condition 17 restricts appellant from possessing, consuming, or purchasing any alcoholic beverage or illegal controlled substances. Condition 18 requires appellant to attend 12-Step Recovery meetings at least three times per week. And Condition 19 prevents Appellant from taking any narcotic medication, whether prescribed or not. None of these conditions are duplicative of Condition 20.

Appellant's argument that Condition 20 is invalid because it does not meet the three-part test for invalid conditions is similarly misplaced. A condition may be invalid if it: (1) has no relationship to the crime, (2) relates to conduct that is not in itself criminal, and (3) forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of community supervision. *Mitchell v. State*, 420 S.W.3d 448, 449–50 (Tex. App.— Houston [14th Dist.] 2014, no pet.).

The three-part test is satisfied here. Appellant pleaded guilty to possession of heroin, a criminal act. His placement in an inpatient treatment program is directly related to that crime. And by helping appellant achieve sobriety, Condition 20 will reduce the likelihood that he will engage in the possession of heroin in the future and

promotes his rehabilitation—a specific statutory goal of probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.301(a).

During the hearing, the trial judge expressed concern that appellant falls into the "category of people who overdose and die." Previous outpatient treatment proved unsuccessful. Therefore, on this record we cannot conclude that the court's decision to place appellant in an inpatient treatment program falls outside the zone of reasonable disagreement.[2] *See McCarty*, 257 S.W.3d at 239. We resolve Appellant's first issue against him.

## B.  Admission of Evidence

Appellant's second issue argues the trial court abused its discretion by admitting a probable cause affidavit for an unrelated offense into evidence. According to appellant, the affidavit was inadmissible hearsay.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no

---

[2] Appellant also argues, without explanation, that the hearing devoted to consideration of whether he would receive inpatient or outpatient treatment as a condition of community supervision somehow implicated his due process rights. We decline to entertain this argument as inadequately briefed. *See* TEX. R. APP. P. 38.1. Moreover, community supervision is a privilege, not a right. *See Salazar v. State*, 630 S.W.3d 151, 157 (Tex. App.—Eastland 2020, no pet.).

pet.). Further, the objection made must comport with the issue raised on appeal. *See Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003).

Here, appellant objected to the affidavit as not relevant. Accordingly, appellant's hearsay complaint was not preserved for our review.

Having resolved all of appellant's issues against him, we affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210521F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GREGORY BOYD ADAMS,
Appellant

No. 05-21-00521-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-2051061-T.
Opinion delivered by Justice Garcia.
Justices Molberg and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered June 2, 2022