**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00366-CR**
_____

**BOBBY WAYNE NICKELBUR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 27033**

_____

**MEMORANDUM OPINION**

Appellant Bobby Wayne Nickelbur was charged by indictment with the third-degree felony offense of possession of a controlled substance. Tex. Penal Code Ann. § 481.115. After the trial court denied his motion to suppress, Nickelbur pleaded guilty to the offense and the trial court sentenced Nickelbur to five years in the Texas Department of Criminal Justice. On appeal, Nickelbur complains that the trial court erred by denying his motion to suppress evidence obtained based on a condition of

his community supervision that authorized a search in violation of his right against an unreasonable search and seizure. We affirm the trial court's judgment.

## Background

Three witnesses testified in the hearing the trial court conducted on Nickelbur's motion to suppress: (1) Gina Balla, Nickelbur's sister; (2) Shannon Knapp, a Hardin County probation officer; and (3) Issac Robichaux, a sergeant with the Hardin County Sheriff's office.

Knapp testified that Nickelbur is currently on probation for possession of a controlled substance and that she supervises Nickelbur on community supervision. One of the terms of Nickelbur's community supervision includes abstaining from the use or possession of drugs. Another condition of Nickelbur's community supervision states that Nickelbur must:

> [S]ubmit personal property, place of residence, vehicle, personal effects to search and seizure at any time, with or without a search warrant or of arrest, based on reasonable suspicion by any probation officer or law enforcement officer.[1]

Knapp testified that Nickelbur signed the community supervision order and was aware of all of the things he could and could not do while on probation.

---

[1]We note that the only testimony concerning Nickelbur's conditions for community supervision comes from the in-court testimony of Knapp. We cite what was testified at trial only.

The testimony in the hearing shows that on November 16, 2021, Nickelbur was riding in the backseat of a vehicle when Robichaux pulled over the driver of the vehicle, Nickelbur's sister, for failing to use a turn signal. Robichaux testified that he saw the vehicle leave from a house in a "high-intensity drug trafficking area" which was known by Robichaux to be a location where "prostitution and narcotic activity" occurred.

When Robichaux pulled over the driver of the vehicle, he recognized Nickelbur in the back seat. Robichaux knew that Nickelbur was on probation and asked him to step out of the vehicle. Prior to searching Nickelbur, Robichaux contacted Nickelbur's probation officer. Robichaux told Nickelbur that because he was on probation, he would conduct a probationary search of Nickelbur's person. Robichaux conducted a search of Nickelbur's person and located methamphetamine in his front shirt pocket.

At that point in his investigation, Robichaux believed he had reasonable suspicion of drug possession and that he had probable cause to go forward with further investigation to see whether there were drugs in the vehicle. No other contraband was located on Nickelbur or inside the vehicle. Based on what Robichaux knew about both Nickelbur's prior use and the residence that he was leaving, Robichaux believed Nickelbur was in possession of a controlled substance.

The State filed charges against Nickelbur for possession of the methamphetamine recovered from his person subsequent to this search as well as a motion to revoke his community supervision on the drug charge for which he was on probation. After hearing the evidence at the motion to suppress hearing, the trial judge denied Nickelbur's motion to suppress.[2] This appeal followed.

Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress using a bifurcated standard of review. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). We give almost total deference to the trial court's determination of historical facts and mixed questions of law and fact that rely on credibility determinations if they are supported by the record. *Id.*; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). However, we review *de novo* questions of law and mixed questions of law and fact that do not rely on credibility determinations. *Kerwick*, 393 S.W.3d at 273. At a hearing on a motion to suppress, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). A trial court may choose to believe or to disbelieve any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000),

---

[2]The trial court held a combined hearing on Nickelbur's motion to suppress and the State's motion to revoke Nickelbur's community supervision. The trial court found all the allegations in the motion to revoke community supervision to be true and sentenced Nickelbur to two years in state jail. Nickelbur does not challenge the trial court's ruling on the motion to revoke community supervision on appeal.

*modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). We must uphold the trial court's ruling on a motion to suppress if the ruling was supported by the record and was correct under any theory of law applicable to the case. *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

An award of community supervision is a contractual privilege, and the conditions are terms of the contract between the trial court and the defendant. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). When a condition is not objected to, it is affirmatively accepted as a term of the contract. *Id.* A defendant, who enters into the contractual relationship without objection, affirmatively waives any rights encroached upon by the terms of the contract. *Id.* "[A] defendant who is fairly notified of the conditions of community supervision at a hearing at which he has an opportunity to object forfeits any later complaint about those conditions, as long as those conditions do not involve a systemic right or prohibition." *Dansby v. State*, 448 S.W.3d 441, 447 (Tex. Crim. App. 2014).

The trial court has broad discretion in determining the conditions of community supervision. *Butler v. State*, 189 S.W.3d 299, 303 (Tex. Crim. App. 2006). "The judge may impose any reasonable condition that is not duplicative of another condition and that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." Tex. Code Crim. Proc. Ann. art. 42A.301(a).

Discussion

In his sole issue, Nickelbur argues that the trial court abused its discretion by denying his motion to suppress. Nickelbur contends that his term of community supervision authorizing search and seizure as a condition of his community supervision violates fundamental constitutional guarantees under both the United States Constitution and Texas Constitution. Nickelbur complains that the provision is not reasonably restricted to promote the purposes of community supervision because the provision's authorization of unrestricted search and seizure is unreasonable.

Nickelbur asserts that the community supervision provision in his case is "identical" to the probationary search provision in *Tamez v. State*, 534 S.W.2d 686, 690 (Tex. Crim. App. 1976). We disagree. In *Tamez*, the probationary condition which had been imposed upon the probationer stated: "Submit his person, place of residence and vehicle to search and seizure at any time of the day or night, with or without a search warrant, whenever requested to do so by the Probation Officer or any law enforcement officer." *Id.* at 690. In *Tamez*, the court held that the probationary condition in that case was "too broad, too sweeping, and infringes upon the probationer's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Sec. 9, of the Texas Constitution []" because the probationary condition in that case allowed a search of Tamez's person, residence,

6

and vehicle, at any time by any law enforcement officer, for any purpose, and without any individualized suspicion or probable cause. *Id.* at 692.

Unlike *Tamez*, the condition here subjects Nickelbur to a warrantless search "based upon reasonable suspicion by any probation officer or law enforcement officer." Nickelbur had been placed on community supervision for possession of a controlled substance, and another condition of Nickelbur's community supervision required him to refrain from possessing drugs. Because Nickelbur's condition is reasonably restricted to promote the purposes of community supervision, we hold that it does not violate the Fourth Amendment or the Texas Constitution. *See Cochran v. State*, 563 S.W.3d 374, 379 (Tex. Crim. App. 2018).

Likewise, Knapp testified that Nickelbur knew and understood the conditions of his community supervision. Therefore, the trial court could have reasonably concluded that because Nickelbur was bound by the terms and conditions of his probation, which Nickelbur knew and understood, Nickelbur knew he was waiving his constitutional right against unreasonable search and seizure. *See Samson v. California*, 547 U.S. 846, 857 (2006); *Cochran*, 563 S.W.3d at 382.

Moreover, the trial court heard evidence that Sergeant Robichaux had reasonable suspicion for the search. There was evidence that Nickelbur was in a vehicle leaving a house known to be associated with prostitution and narcotics in an area known for "high-intensity drug trafficking" and the vehicle failed to signal a

turn and was stopped for this violation. Robichaux testified he recognized Nickelbur from prior interactions and knew him to be a narcotics user. Additionally, Robichaux stated that he knew that Nickelbur was on probation and he contacted Nickelbur's probation officer to confirm. Based on his knowledge and observations, Robichaux said he believed he had reasonable suspicion to search Nickelbur's person for narcotics and did in fact recover methamphetamine from Nickelbur's clothing. Robichaux also testified that he believed he had probable cause to continue his investigation to see if there were drugs in the vehicle. The trial court did not abuse its discretion in determining that Robichaux had reasonable suspicion to question and search Nickelbur's person under these facts.

Because the valid condition of Nickelbur's community supervision authorized the warrantless search of his person, we conclude that the trial court did not err in denying Nickelbur's motion to suppress. *See Kerwick*, 393 S.W.3d at 273. We overrule his sole issue.

Conclusion

The judgment of the trial court is

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on June 25, 2024
Opinion Delivered September 18, 2024
Do Not Publish

Johnson, Wright and Chambers, JJ.

8