# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON MOTION FOR REHEARING

---

## NO. 03-23-00087-CR

---

**The State of Texas, Appellant**

**v.**

**Ryan Shackelford, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY**
**NO. 22-03702-3, THE HONORABLE DOUG ARNOLD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated August 21, 2024, and substitute the following in its place. We overrule The State of Texas's motion for rehearing.

The State appeals an order revoking Ryan Shackelford's term of community supervision and ordering him to serve 225 days in jail. The State contends that the jail sentence is illegal because the order lacks a finding of family violence required to classify the offense as a Class A misdemeanor and authorize a jail term longer than 180 days. *See* Tex. Penal Code §§ 12.21-.22 (setting maximum jail time for classes A and B misdemeanors), 22.07 (defining terroristic threat). We dismiss this appeal for lack of jurisdiction because the grounds of the State's appeal are not within those allowed by law on this record.

## BACKGROUND

By judgment dated September 30, 2022, the trial court found that Shackelford pleaded guilty as charged by the information to "terroristic threat of family violence, a Misdemeanor A." The court did not make a separate, express finding that Shackelford committed family violence, leaving that box unchecked on the judgment form. The trial court imposed sentence of 365 days in jail and a $4,000 fine but suspended the sentence for an 18-month term of community supervision.

On November 7, 2022, the State moved to revoke Shackelford's term of community supervision for violations alleged to have occurred on October 3, 2022. At a January 20, 2023 hearing, the trial court found true two allegations that Shackelford contacted the mother of his child in violation of the terms of his community supervision. Shackelford asked for a sentence of 100 days in jail, and the State asked for a sentence of 365 days in jail— the maximum permitted for a Class A misdemeanor and the sentence initially imposed and suspended after Shackelford's guilty plea. The trial court revoked Shackelford's community supervision and assessed sentence at 225 days in jail with credit for 105 days of time served. In its written Revocation of Probation, Judgment and Sentence to County Jail, the trial court recited that Shackelford was sentenced for the offense of "**TERRORISTIC THREAT OF FAMILY VIOLENCE**" but struck through a proposed express affirmative finding on the judgment form that Shackelford committed family violence in the course of the offense charged. Shackelford was released from Williamson County Jail on January 28, 2023.

The State filed its notice of appeal on February 7, 2023, contending that the sentence of 225 days imposed upon revocation of probation was an illegal sentence because of the omission of an affirmative finding of family violence from the judgment. The trial court

2

signed findings of fact and conclusions of law dated February 14, 2023, including its conclusion that "[t]he Court made an implicit, affirmative finding of family violence when the Court found the defendant guilty of terroristic threat with family violence on September 30, 2022."

In May 2023, the State filed a petition for writ of mandamus "challenging several actions by the trial court in the underlying criminal proceeding, including the trial court's failure to include an affirmative finding of family violence in the final judgment of conviction"; this Court denied that petition. *See In re the State of Texas ex rel. Hobbs, Williamson Cnty. Attorney*, No. 03-23-00277-CV, 2023 WL 4565996, at *1 (Tex. App.—Austin July 18, 2023, orig. proceeding) (mem. op.). This Court noted that the State had not requested a judgment nunc pro tunc correcting the alleged omission and that this Court would not issue a writ of mandamus ordering a trial court to do what no party had first asked it to do. *Id.* n.1.

## DISCUSSION[1]

The State complains that Shackelford's sentence is illegal because the deletion of the affirmative finding of family violence converted Shackelford's offense to a Class B misdemeanor. The State argues that the law is unclear regarding whether an enhancement element of a misdemeanor offense should be found at the guilt/innocence or the punishment phase of trial.

---

[1] The State's challenge to the 225-day sentence invites finding estoppel by invited error because the State requested a 365-day sentence. *Cf. Rhodes v. State*, 240 S.W.3d 882, 892 (Tex. Crim. App. 2007) (holding that defendant cannot attack as illegal agreed judgment that was too lenient). But because the State raised the illegal-sentence issue in its notice of appeal while the trial court had plenary power and because the Court of Criminal Appeals declined to opine on whether a direct challenge to an illegally harsh sentence could be barred by invited-error estoppel, *see id.* at 892 n.57, we will not dismiss based on invited error.

3

The State's argument that the sentence is illegal because of the absence of a family-violence finding exceeds the limited scope of its permissible appeal because it challenges the finding of guilt, not the sentence.[2] *Cf. State v. Ross*, 953 S.W.2d 748, 752 (Tex. Crim. App. 1997) (concluding deadly-weapon finding in involuntary-manslaughter case is not part of sentence). The finding of guilt and the sentence are separate parts of the judgment. The Code of Criminal Procedure provides, "The sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." Tex. Code Crim. Proc. art. 42.02. This distinction limits the scope of issues the State can appeal when challenging the legality of a sentence. *See Ross*, 953 S.W.2d at 751-752. The Court of Criminal Appeals held that "the State cannot appeal a case under [Texas Code of Criminal Procedure] art. 44.01(b) in order to rectify the absence of an affirmative finding in the judgment and we cannot rewrite art. 44.01(b) in order to allow the State to appeal a problem in the 'judgment' rather than the 'sentence'." *Id.* at 752. The court opined that "[t]o hold otherwise defies the plain text of art. 42.02, which defines a 'sentence'." *Id.*

The affirmative finding in this case is part of the guilt/innocence phase because it increases the offense grade, not just the punishment. The Court of Criminal Appeals distinguishes between findings that increase the offense grade versus those that enhance only the punishment range. *See generally Ford v. State*, 334 S.W.3d 230, 231 (Tex. Crim. App. 2011). A family-violence finding for a terroristic-threat offense expressly increases the offense grade:

---

[2] The State's limited right to appeal includes its contention that the sentence is illegal. *See* Tex. Code Crim. Proc. art. 44.01. The judgment and the revocation order describe Shackelford's offense as "terroristic threat of family violence," which is a Class A misdemeanor, and the 225-day sentence is within the one-year punishment range for Class A misdemeanors. *See* Tex. Penal Code §§ 12.21 (defining jail time for Class A misdemeanor), 22.07(c)(1) (defining terroristic threat). The State does not contend that Shackelford's sentence is not within the range for a Class A misdemeanor.

4

> An offense under Subsection (a)(2) is a Class B misdemeanor, except that <u>the offense **is** a Class A misdemeanor</u> if the offense:
>
>> (1) is committed against a member of the person's family or household or otherwise constitutes family violence . . . .

Tex. Penal Code § 22.07(c) (emphases added). Thus, the absence of the finding in Penal Code section 22.07(c)(1) is an issue at the guilt/innocence phase affecting the offense grade, not an issue of merely enhancing the sentence at punishment. Though we have noted that "[a]n Article 42.013 [family violence] finding is not an element of any offense," *McCall v. State*, 635 S.W.3d 261, 270 (Tex. App.—Austin 2021, pet. ref'd), the Court of Criminal Appeals has held that "the trial court is statutorily obligated to enter an affirmative finding of family violence in its judgment, if **during the guilt phase of trial**, the court determines that the offense involved family violence as defined by Tex. Fam. Code § 71.004(1)." *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). Regardless of whether it is an "element of the offense," the family-violence finding is not part of the sentencing phase of the terroristic-threat offense. Thus, an asserted error in not making an affirmative finding of family violence while finding a defendant guilty of a Class A misdemeanor under Penal Code section 22.07 does not fall within the scope of the State's right to appeal an illegal sentence.

The State's arguments based on more recent cases from the Court of Criminal Appeals are unavailing. It argues that the *Niles* opinion questions whether a family-violence finding enhances the grade of a terroristic-threat offense instead of the punishment. *See generally Niles v. State*, 555 S.W.3d 562 (Tex. Crim. App. 2018) (concerning terroristic threat of public servant). But the Court of Criminal Appeals decided that case as a jury-charge question and plainly stated, "this is not an illegal sentence case." *Id*. at 569, 573. The State also contends

5

that the decision in *Oliva* favors treating enhancement findings as affecting the sentence. *See Oliva v. State* 548 S.W.3d 518, 534 (Tex. Crim. App. 2018) (holding that prior offense that increased offense level for driving while intoxicated was punishment issue). But the *Oliva* decision turned on factors not present here. The *Oliva* court was influenced by the fact that the enhancing element was a prior offense and required to be read at the punishment phase. *Id.* at 529 (applying Tex. Code Crim. Proc. art. 36.01 ("When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment")). In this case, the family-violence finding is not a previous conviction but assesses the relationship of the actor to the victim of the assault in question. Further, the statute authorizing the enhancement in *Oliva* used the phrase "if it is shown on the trial of the offense" concerning proof of the prior offense—a phrase that often indicates a punishment issue. *Id.* at 527-28 (interpreting Tex. Penal Code § 49.09). But the court also noted there is "a difference between an enhancing provision saying that an offense 'is' a certain degree and one saying that an offense is 'punished as' a certain degree" because the enhanced offenses could be subject to further enhancement. *Id.* at 526. Here, Section 22.07 lacks the "if it is shown" phrase and instead states that the offense of terroristic threat "is" a Class A misdemeanor if committed against a family member. *See* Tex. Penal Code § 22.07(c)(1).[3] The family-violence finding is a guilt/innocence issue.

---

[3] The State also cites the *Do* case that concerned an allegation of intoxication at an "aggravating" level that results in an elevated offense grade and punishment range. *See Do v. State*, 634 S.W.3d 883 (Tex. Crim. App. 2021) (deciding case on harmless jury-charge error); *see also* Tex. Penal Code § 49.04(d). The Court of Criminal Appeals assumed without deciding that the level of intoxication was an element of the offense. *See Do*, 634 S.W.3d at 890. The court declined to declare whether the intoxication level was an element of the offense despite cajoling by a majority of the judges writing or joining separate opinions. *See id.* at 899 (Richardson, J., concurring) (opining that several issues facing State and defense could be

Because challenges to guilt/innocence issues are not properly part of an appeal by the State challenging the legality of a sentence under Texas Code of Criminal Procedure article 44.1(b), we lack jurisdiction and cannot consider the State's argument that the trial court erred by failing to make a finding of family violence when finding Shackelford guilty.

We dismiss this appeal for want of jurisdiction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction on Motion for Rehearing

Filed: January 8, 2025

Do Not Publish

---

resolved by declaring whether intoxication level was element or enhancement); *see also id*. at 906-07 (Yeary, J., dissenting) (opining that level of intoxication is element of offense). The *Do* case does not hold or imply that the family-violence finding is a sentencing issue.